IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL S. GORBEY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:16cv00372 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Michael S. Gorbey, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his security level classification and facility designation. Having reviewed his petition, I conclude that Gorbey's claims are not properly raised in a § 2241 petition and, therefore, dismiss the petition without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.[1]

Gorbey alleges that an "unjust" 18-month Greater Security Management Variable ("GSMV") was applied to his security level classification and resulted in his transfer from the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth") to the United States Penitentiary in Lee County, Virginia ("USP Lee"). Gorbey states that the GSMV was applied to him in retaliation for him 1) filing "valid claims" against USP Leavenworth staff concerning medical and religious issues, and 2) infringing on USP "Leavenworth staff's drug ring." Gorbey

---

[1] Gorbey also filed a "motion to recuse Magistrate Judge Robert S. Ballou and possibly U.S. Dist. Judge Norman K. Moon." A judge must recuse himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). To disqualify a judge from continuing to preside, the "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 545 (1994)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" *id.* at 573 (quoting *Liteky*, 510 U.S. at 555), "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,'" *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555). "Likewise, judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Belue*, 640 F.3d at 573 (quoting *Liteky*, 510 U.S. at 555). I have no personal bias or prejudice against Gorbey, and indeed, I have no personal knowledge of him outside the cases he has filed in this court. Accordingly, I will deny Gorbey's request that I recuse myself from ruling on his petition and motions.

does not allege that the GSMV affected the length of his sentence in any way. Gorbey also alleges that he fears for his safety at USP Lee and he has been denied grievance forms, hygiene products, paper, a pencil, and envelopes. As relief, Gorbey seeks removal of the GSMV, redesignation and transfer to a Federal Correctional Institution closer to Washington, DC, access to the Bureau of Prison's grievance process, "proper hygiene," a pen, paper, and envelopes.

A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution or laws or treaties of the United States. § 2241(c)(3). The core of a habeas corpus action is a request to get out of jail immediately, or sooner than currently scheduled. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a [federal] prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); *Moore v. Driver*, No. 1:07cv166, 2008 U.S. Dist. LEXIS 85896, at *7, 2008 WL 4661478, at *3 (N.D. W. Va. Oct. 21, 2008) (a claim regarding custody classification cannot be raised in the context of a § 2241 petition).

In his § 2241 petition, Gorbey does not allege any ground on which he is entitled to a shorter term of confinement or challenge the validity of the criminal judgment under which he is being detained by the BOP. Because the core of his complaint is clearly not concerning the fact or duration of his incarceration, his claim is not properly before me as a habeas claim under

§ 2241. Therefore, I will dismiss Gorbey's habeas petition without prejudice for failing to state a claim upon which the requested relief can be granted.[2]

    **ENTER**: This 28th day of October, 2016.

                                                   */s/ Norman K. Moon*
                                                   NORMAN K. MOON
                                                   UNITED STATES DISTRICT JUDGE

---

[2] I decline to construe Gorbey's petition as a complaint pursuant to *Bivens* because his allegations are insufficient to state a claim against any defendant. *See West v. Atkins*, 487 U.S. 42 (1988) (to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law); *See, e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Further, courts have long held that a prison inmate has no interest of constitutional magnitude in either his security classification or his place of confinement. *Olim v. Wakinekona*, 461 U.S. 238, 345-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). I note, however, that dismissal of this § 2241 petition is without prejudice to Gorbey's opportunity to file a *Bivens* action naming defendants and specifically describing how each defendant violated his federal rights.